

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 20 2021
CLERK, U.S. DISTRICT COURT
By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LANNY JAY LYERLA, JR., § <br> § <br> Movant, § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA, § <br> § <br> Respondent. § | NO. 4:20-CV-1301-A <br> (NO. 4:05-CR-195-A) |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Lanny Jay Lyerla, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response,[1] the reply, the record, including the record in the underlying criminal case, No. 4:05-CR-195-A, styled "United States v. John Thomas Lopez, et al.," and applicable authorities, finds that the motion must be dismissed as untimely.

I.

### Background

The record in the underlying criminal case reflects the following:

On December 14, 2005, movant was named along with others in a fourteen-count indictment charging him in count one with

---

[1] The response is titled a motion to dismiss.

conspiracy to possess with intent to distribute more than 50 grams of pure methamphetamine, in violation of 21 U.S.C. § 846, in count two with possession with intent to distribute approximately 334.7 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), in count three with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), in count five with possession with intent to distribute approximately 640 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and in count six with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). CR Doc.[2] 1.

The court granted the government's motion to dismiss count one of the indictment as to movant. CR Doc. 311. Movant was tried by a jury and convicted on counts two, three, and five. He was found not guilty as to count six. CR Doc. 320. He was sentenced to terms of imprisonment of 213 months as to counts two and five, to run concurrently, and a term of imprisonment of 60 months as to count three, to run consecutively to the terms

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:05-CR-195-A.

2

imposed as to counts two and five as well as any sentence movant was serving, or was to serve, in state custody. CR Doc. 447.

Movant appealed, CR Doc. 433, and his convictions and sentences were affirmed. United States v. Lyerla, 225 F. App'x 225 (5th Cir. 2007). His petition for writ of certiorari was denied. Lyerla v. United States, 552 U.S. 880 (2007).

In September 2020, movant filed a motion to reduce sentence, CR Doc. 761, which the court granted, reducing movant's sentences as to counts two and five to terms of 180 months, minus 11 months' credit for time served. CR Doc. 766. The sentence as to count three remained the same. Id.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion. Both are essentially the same. In ground one, he alleges that his 60 month sentence as to count three should have run concurrently with state charges in Tarrant County case numbers 0929920A, 0929923A, and 0929915A. Doc.[3] 1 at PageID[4] 4. In ground two, movant asserts that the error of imposing the sentence for count three to run consecutive to the Tarrant County cases is plain error. Id. at PageID 5.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

III.

Timeliness of the Motion

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

Here, movant's conviction and sentence became final on October 1, 2007, when the United States Supreme Court denied his petition for writ of certiorari. Clay v. United States, 537 U.S.

4

522, 527 (2003). He did not file his § 2255 motion until December 2, 2020.[5]

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Under the heading "timeliness of motion," movant contends that he did not know that the error existed until he entered federal custody on May 18, 2020. Further he contends that he did not incur any harm until the court reduced his sentence. Doc. 1 at PageID 11. In his reply, he makes a new argument regarding plain error. Doc. 9. The court ordinarily does not consider new arguments made in a reply, but even if it did, the cases movant

---

[5] This is the date movant signed his motion and presumably placed it in the prison mailing system. Doc. 1 at PageID 12.

cites do not afford him any relief. As stated, movant's ignorance or negligence does not entitle him to equitable tolling. Fierro, 294 F.3d at 682. Plaintiff knew from the time the sentence was imposed that the sentence as to count three was to run consecutive to his other sentences, both state and federal. And, a reduced sentence is not a new sentence and does not restart the one-year limitations period. United States v. Jones, 796 F.3d 483, 485 (5th Cir. 2015); United States v. Olvera, 775 F.3d 726, 729 (5th Cir. 2015). Movant's motion is untimely and must be dismissed.

IV.

Order

For the reasons discussed herein,

The court ORDERS that movant's motion be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED January 20, 2021.

```
                              _____
                              JOHN McBRYDE
                              United States District Judge
```